UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

COREY BLAKE GOTREAUX                    CIVIL ACTION NO. 6:13-CV-03235

VERSUS                                              MAGISTRATE JUDGE HANNA

APACHE CORPORATION ET AL.         BY CONSENT OF THE PARTIES

## <u>MEMORANDUM  RULING</u>

Currently pending is the motion to compel (Rec. Doc. 86), which was filed by non-party Alert Weather Services, Inc.  The motion is opposed.  Oral argument was heard and evidence was taken on June 23, 2015.  Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is GRANTED IN PART and DENIED IN PART.

### <u>BACKGROUND</u>

This is a personal injury lawsuit, in which it is alleged that the plaintiff was injured on December 28, 2012 while being transferred from a vessel to a fixed platform in the Gulf of Mexico.  The platform is allegedly owned and/or operated by Apache Corporation.  Discovery revealed that the weather may have been a factor in causing the accident and that Alert Weather Services, Inc. provided contemporaneous weather forecasts to Apache.  The plaintiff issued a subpoena to Alert on November

20, 2014, seeking to document the fact that Alert had provided weather forecasts to Apache on ten consecutive days including the date of the alleged accident.

Alert responded to the subpoena by producing 275 documents and an invoice for its services.  After reviewing the documents, a representative of the plaintiff's counsel's office called Alert and clarified that the information requested in the subpoena were the communications between Alert and Apache.  Alert again produced responsive documents and submitted a second invoice.

When the invoices went unpaid, Alert contacted the plaintiff's counsel and demanded payment.  The plaintiff's counsel tendered an amount less than that invoiced but which the plaintiff argued is reasonable compensation for Alert's efforts in complying with the subpoena.

Alert now seeks, by way of the pending motion, to recover as damages the full amount of both invoices as well as a sanction in the form of the reasonable attorneys' fees incurred in bringing the motion.

## ANALYSIS

### A.   THE "MOTION TO COMPEL"

Alert calls its pending motion a "motion to compel" but seeks relief under Fed. R. Civ. P. 45(d)(1).  Motions to compel are authorized by Fed. R. Civ. P. 37 and are generally used for the purpose of enforcing the deadlines for responding to discovery

requests.  In this case, Alert responded to the subpoena in a timely manner, it is not attempting to have the court order responses to any discovery requests, and it did not reference or rely upon Rule 37 in its briefing.  Therefore, the pending motion is not a motion to compel.

Alert is actually attempting to be protected against undue burden or expense in responding to the subpoena.  Such protection is authorized by Fed. R. Civ. P. 45(d)(1), which states:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

Accordingly, Alert's "motion to compel" will be treated as a motion for protective order under Rule 45(d)(1).

## B.   POSITIONS OF THE PARTIES

Alert's position is that the plaintiff owes and should be ordered to pay the full amount that Alert invoiced the plaintiff for gathering the documents that were produced in response to the subpoena.  Alert argues that its owner, meteorologist Nelson Robinson, "performed  professional services to review historical weather data. . . to make certain that the data retrieved applied to the specific time period

referred to in the subpoena" and to the geographical area where the accident occurred.[1] Alert further argues that "pinpointing this information, retrieving it, and putting it in a form to be transmitted"[2] to the plaintiff's counsel "was time consuming and required the expenditure of additional hours of professional effort."[3] Alert maintains that the information provided "contained the expert opinions of Alert. . . and disclosed trade secret information which is confidential and contains research, development, and commercial information. . . ."[4] Therefore, Alert takes the position that it should be compensated at a rate commensurate with the providing of professional services.

The plaintiff's position is that the amount charged by Alert for the production of the documents responsive to the subpoena is not reasonable. The plaintiff argues that it did not retain Alert as an expert in the case or request that Alert provide any professional opinions in response to the subpoena. Therefore, the plaintiff argues that it was inappropriate for Alert to charge for copies of historical weather reports and e-mail correspondence at the rate that it charges for professional services when such

---

[1]      Rec. Doc. 86-1 at 2.

[2]      Rec. Doc. 86-1 at 2.

[3]      Rec. Doc. 86-1 at 2.

[4]      Rec. Doc. 86-1 at 5.

reports are first created.  The plaintiff also argues that Alert is not entitled to recover attorneys' fees because this matter could have been resolved without the filing of the instant motion.

## C.   REASONABLE COMPENSATION FOR COMPLIANCE WITH THE SUBPOENA

Alert seeks to be compensated for its efforts in complying with the subpoena. Alert did not object to the subpoena nor did it argue that the subpoena should be quashed or modified because it is unduly burdensome.  All Alert seeks is to be paid for its efforts in complying with the subpoena.

Fed. R. Civ. P. 45(d)(3)(C) states that, when protecting a person or entity from the potentially harmful effects of complying with a subpoena, the court has authority to ensure that the subpoenaed person will be reasonably compensated.  As one court in the Fifth Circuit has noted,

> Courts have considered the question whether a nonparty witness should be reimbursed expenses incurred in producing documents in response to a subpoena. The usual procedure for requesting such a reimbursement is to file a motion prior to the time for responding to the subpoena that compliance be conditioned upon advancement of the "reasonable cost of producing the books, papers, documents or tangible things." Fed.R.Civ.P. 45(b).  In any event, the courts have not required reimbursement unless the costs are great or the document demand unreasonably broad.[5]

-----

[5]   *Phillips Petroleum Co. v. Pickens*, 105 F.R.D. 545, 550 (N.D. Tex. 1985)

Thus, although the better course of action would have been for Alert to have contacted the plaintiff's counsel and negotiated a reasonable fee in advance of the document production or for Alert and the plaintiff to have jointly contacted the court so that a reasonable fee could be set in advance of the document production, as the plaintiff's counsel suggested to Alert at the time, this Court now has discretion to determine reasonable compensation for Alert's compliance with the subpoena.

The evidence presented at the hearing showed that, upon Alert's receipt of the subpoena, Nelson Robinson, Alert's founder and owner, personally determined that the documents responsive to the subpoena were the weather forecasts for the ten days referenced in the subpoena.  He did not contact the plaintiff's counsel, he did not contact his own attorney, he did not contact the court, and he did not object in any way to the subpoena.  Although the subpoena requested the production of "any and all documents. . . reflecting. . . weather reports. . . obtained by Apache" at the relevant time and location,[6] Mr. Robinson did not understand the subpoena to request copies of the e-mail correspondence by which the weather reports were transmitted to Apache in December 2012.  He personally gathered the weather reports, which were maintained in an electronic format on Microsoft Outlook rather than in paper files. He testified that it took him approximately four to four and one-half hours to do so.

---

[6]     Rec. Doc. 86-2 at 4.

He then personally directed the preparation of an invoice based on a charge of $250 per day for each forecast day, the usual and customary amount that Alert charges its clients for the professional meteorological service of preparing weather forecasts. Because the documents related to ten days, the first invoice is for ten times $250.00 or $2,500.00.

After the documents were delivered to the plaintiff's counsel, Mr. Robinson received a telephone call from a member of the plaintiff's counsel's staff, who explained that the subpoena did not actually request the production of the weather forecasts but copies of the communications between Alert and Apache by which the forecasts were transmitted. Mr. Robinson then personally went through Alert's digital e-mail archives, retrieved the relevant e-mail correspondence, printed it out, confirmed the contents of the attachments to the e-mail correspondence, and delivered a second set of documents to the plaintiff's counsel. A second invoice was transmitted along with those documents. Mr. Robinson explained that the second invoice was for the 3.5 hours of work he expended locating the e-mails at the rate of $250.00 per hour, which is the rate Alert customarily charges for the preparation of expert testimony, for a total of $875.00. Thus, the total amount billed by Alert to the plaintiff was $3,375.00.

Mr. Robinson testified that, after the invoices went unpaid for approximately ninety days, he contacted the plaintiff's counsel seeking payment. The plaintiff's counsel told him that he could be paid at the conclusion of the litigation or the plaintiff's counsel could invoke a hearing to have the court determine the amount of reasonable compensation to be paid. Mr. Robinson rejected both of those alternatives, hired counsel, and the pending motion followed.

In a case presenting similar facts, Jason Houp, a nonparty to a lawsuit concerning damages caused to the plaintiffs' home by Hurricane Katrina, received a subpoena duces tecum from the plaintiffs. Houp responded to the subpoena and produced approximately 900 documents. Thereafter, he sought to recover $8,778.74 in expenses and $13,811.75 in attorneys' fees, for a total of $22,590.49 from the plaintiffs as the cost of his compliance with the subpoena. The court noted that "while a nonparty ordered to comply with a subpoena must be protected from significant expenses, this must be accomplished in such a manner that the party seeking discovery is protected from excessive costs. The resolution of these conflicting goals is best accomplished by fixing the costs of compliance in advance of production. When this is not possible, the risk of uncertain costs must be fully

disclosed to the party seeking discovery."[7]   Because the cost to comply with the subpoena was not disclosed to the plaintiffs before Houp complied with the subpoena, the court held that Houp's costs could not be transferred to the plaintiffs.  The costs incurred by Alert in this case are not nearly as large as those incurred by Houp, but the principle is the same.  The better course of action would have been for Alert to advise the plaintiff's counsel in advance of the likely cost of complying with the subpoena so that the issue could be addressed before the costs were actually incurred.  Given that Mr. Robinson is not an attorney and he was not represented by counsel at the time that he responded to the subpoena, however, such a harsh result is not justified in this case.

Evidence presented at the hearing showed that the plaintiff's counsel tendered a partial payment of $177.50 to Alert.[8]   In his briefing, the plaintiff's counsel explained that he was unable to locate a federal statutory guideline for reimbursing a subpoena respondent, but he argued that the Louisiana Medical Records Statute, La. R.S. 40:1299.96, is the most closely analogous statute.  Under that statute, health care providers who produce copies of medical records in lawsuits are generally

---

[7]     *Goldstein v. State Farm Fire & Cas. Co*., No. CIVA 06-4565-HGB-SS, 2008 WL 4373032, at *3 (E.D. La. Sept. 23, 2008).

[8]     The original check made payable to Alert in that amount was entered into evidence at the hearing as Movant's Exhibit 6.  Therefore, the check was not previously – and now cannot be – negotiated.

compensated with "a reasonable copying charge, not to exceed one dollar per page for the first twenty-five pages, fifty cents per page for twenty-six to three hundred fifty pages, and twenty-five cents per page thereafter, a handling charge not to exceed twenty-five dollars. . . and actual postage." The plaintiff's counsel argued that Alert produced 275 pages of documents and that he used the method set forth in the cited statute to arrive at the $177.50 that he paid to Alert. (Rec. Doc. 94 at 14).

The plaintiff's analysis is not far off the mark. A court in this district has previously found that $3.00 per page for color copies, plus a $10.00 handling charge and actual postage costs constitutes reasonable compensation for compliance with a subpoena.[9] In a more recent decision, however, another court within the Fifth Circuit found that a proposed $2.00 per page copying charge was unreasonable, stating that "[t]o the extent anything must be photocopied in our digital era, the Court finds that $0.25 per page is a reasonable charge."[10] However, that court permitted the recovery of both reasonable copying charges and reasonable staff time in that case.[11]

It is an undisputed fact that the plaintiff did not hire Mr. Robinson as an expert witness in this case. The Court finds that the plaintiff was not seeking Alert's or Mr.

---

[9]     *Broussard v. Lemons*, 186 F.R.D. 396, 398 (W.D. La. 1999)

[10]     *Verso Paper, LLC v. HireRight, Inc.*, No. 3:11-MC-628-CWR-LRA, 2012 WL 2376046, at *6, n.1 (S.D. Miss. June 22, 2012).

[11]     *Verso Paper, LLC v. HireRight, Inc.*, 2012 WL 2376046, at *6.

Robinson's expert opinions or confidential or proprietary data but was simply seeking documentation of the weather reports that were provided to Apache by Alert on the days in question. For that reason, it would be inappropriate for Alert to be compensated for the document production at the rate charged by Alert for its professional meteorological services in creating weather forecasts.

Mr. Robinson testified that he personally gathered the weather reports and e-mails from his company's digital archives because the subpoena was received during vacation time rotation and he was short-staffed. He also stated that the weather reports are maintained in an older version of Microsoft Outlook. The Court finds that locating documents stored in Microsoft Outlook is a task that could have been performed by a member of Alert's clerical staff and did not require the professional expertise of a meteorologist. Mr. Robinson testified that it took him approximately four to four and one-half hours to gather the first set of documents and three and one-half hours to gather the second set. The Court finds that Mr. Robinson's testimony concerning the amount of time it took him to accomplish these tasks lacks credibility. The information requested relates to ten consecutive days, and it should have been possible to search the company's database for those dates in a matter of minutes rather than a matter of hours. Accordingly, the Court finds that, rather than the seven to eight hours that Mr. Robinson claims he expended on the document production, a

reasonable amount of time to spend on this effort is certainly no more than the three and one-half hours that it took to gather and compile the e-mails.

Gathering and copying the historical correspondence is in the nature of a clerical task similar to the type of work that a paralegal in a law firm might be asked to perform.  In this district, paralegal time has recently been compensated at the rate of $90.00 per hour.[12]  Accordingly, the Court finds that $90.00 per hour is the appropriate rate to be paid for the work done by Mr. Robinson in this case.

Exercising its discretion and guided by the cited jurisprudence, the Court therefore finds that reasonable compensation for Alert's compliance with the subpoena is $492.50, calculated on the basis of three and one-half hours of work at the rate of $90 per hour or $315.00 plus the $177.50 in copying charges calculated by the plaintiff's counsel.

## D.   SANCTIONS

In addition to be being compensated for the time and effort expended in complying with the subpoena, Alert seeks to have this Court impose a sanction on the plaintiff for causing the pending motion to be filed.  As noted previously, Fed. R. Civ. P. 45(d)(1) imposes a duty on parties or attorneys issuing subpoenas to take

---

[12]   *Campbell v. Harold Miller, Jr. Trucking & Paving, LLC*, No. CIV. 6:13-2840, 2014 WL 6389567, at *2 (W.D. La. Nov. 13, 2014).

reasonable steps to avoid imposing undue burden or expense on the responding person and imposes sanctions when such steps are not taken.

The Court finds that, in this case, the plaintiff's counsel took steps to avoid imposing undue burden or expense on Alert, as required by Rule 45. First, when the document request was drafted, the temporal and geographical scope of the requested documents was limited. Second, the plaintiff's counsel attempted to work out the dispute with Alert before this motion was filed by offering to pay the full amount of the invoices at the conclusion of the litigation, by offering to file a motion asking the court to establish reasonable compensation, and by paying what the plaintiff's counsel believed to be reasonable compensation for the document production. All of these overtures were rejected by Mr. Robinson without even suggesting some alternative arrangement.

Furthermore, the person receiving a subpoena must also act reasonably. In this case, Mr. Robinson did not contact the plaintiff's counsel before responding to the subpoena in an effort to discuss the burden or expense compliance would entail. He testified, however, that he read the portion of the subpoena referring to protection available to a person subject to a subpoena. He was also provided, along with the subpoena, with copies of relevant rules, including Fed. R. Civ. P. 45(d)(a), which addresses the requesting party's duty to avoid imposing undue burden or expenses on

-13-

the respondent.  Mr. Robinson testified that he did not read that rule or contact either the plaintiff's counsel or his attorney before gathering the responsive documents and issuing an invoice to the plaintiff.  Instead, without inquiry, he concluded that he was being asked to use his professional training as a meteorologist and to provide professional services.  Under these circumstances, the Court finds that it would not be appropriate to award sanctions to Alert.

IT IS THEREFORE ORDERED that the pending motion (Rec. Doc. 86) is GRANTED IN PART and DENIED IN PART.  The motion is granted with regard to the request for compensation for the reasonable costs incurred in complying with the subpoena and having found that $492.50 ($315.00 in clerical time plus $177.50 in copying costs) is reasonable compensation for Alert's compliance with the subpoena,

IT IS FURTHER ORDERED that the plaintiff shall, not later than twenty-one days after the date of this order, pay to Alert Weather Services, Inc. the sum of $492.50.

All other requested relief is DENIED.

Signed at Lafayette, Louisiana, this 25th day of June 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE